IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CARL E. SHIVEL,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,[1]
Acting Commissioner,
Social Security Administration,

        Defendant.

Case No. 06-CV-82-FHM

## ORDER

Plaintiff, Carl E. Shivel, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. The Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability benefits on November 26, 2001, alleging disability since December 1, 1999. The application was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe was scheduled for May 12, 2003, but was postponed to obtain additional medical reports. On April 12, 2004, Plaintiff had his hearing before the ALJ. Following the hearing, Plaintiff's counsel requested the ALJ to recuse himself, [R. 106], which the ALJ declined to do. [Dkt.

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

98-105]. By decision dated August 21, 2004, the ALJ found Plaintiff was disabled as of March 13, 2002, Plaintiff's amended onset date. [R. 19].

Plaintiff sought review of the ALJ's decision by the Appeals Council alleging his amendment of the onset date was made under duress. [R. 465]. Plaintiff asserted that before the ALJ issued the decision, his staff called Plaintiff's counsel and encouraged Plaintiff to amend the alleged onset date to March 13, 2002, the date Plaintiff turned 50 years old. [R. 457]. The Appeals Council granted review and found that based on the medical evidence:

> For the period before August 1, 2001, the claimant was able to perform unskilled, light work on a sustained basis. However, for the period since August 1, 2001, the claimant has been unable to perform the mental requirements of light or sedentary work on a sustained basis.

[R. 13]. The Appeals Council thus amended the beginning of Plaintiff's disability to August 1, 2001, adding an additional 8 months of benefits.

The decision of the Appeals Council, [R. 11-19], represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481. It is the Appeals Council's decision that is under review.

## **STANDARD OF REVIEW**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## PLAINTIFF'S ALLEGATIONS

Plaintiff claims the following errors were committed by the Appeals Council: (1) the Appeals Council improperly assessed Plaintiff's residual functional capacity (RFC); (2) the Appeals Council erred in finding Plaintiff could perform work in the economy; (3) the Appeals Council improperly evaluated Plaintiff's credibility; and (4) the Appeals Council failed to address Plaintiff's complaints of ALJ's bias, including the failure to recuse.  Plaintiff requests assignment to a different ALJ, should remand be necessary.

## DISCUSSION

Plaintiff was born March 13, 1952 and was 47 years old on the date he first alleged disability, December 1, 1999.  He has a general equivalency diploma and auto repair vocational training. He formerly worked as automobile mechanic, and loading dock worker. He claims to be unable to work as a result of degenerative disc disease of lumbar and cervical spine with fusion in April, 1999, paranoid schizophrenia, depression, anxiety and

a personality disorder. Since Plaintiff was granted benefits beginning August 1, 2001, the period under review is December 1, 1999 to July 31, 2001.

## RFC Determination

An outline of the medical records from Plaintiff's alleged date of onset, December 1, 1999, thorough July 31, 2001 follows. Plaintiff made visits to a chiropractor on December 17, 22, 23, 24, 27, 28 and 31, 1999, and January 3, 5, 7, 11 and 14, 2000. [R. 191-92]. On February 7, 2000, Dr. Stolzer, the orthopedic doctor treating Plaintiff, gave him a release to return to light duty work. [R. 199, 204]. On February 23, 2000, Dr. Stolzer recorded Plaintiff was doing better and better and released him to fully return to work as a diesel engine mechanic. [R. 200, 203]. On March 9, 2000, Plaintiff reported it hurt to work, so he was going to find something else to do. Dr. Stolzer, however, recorded that there was no medical reason Plaintiff could not work. [R. 200]. An MRI record of the lumbar spine dated January 14, 2000, recorded mild to moderate changes. [R. 188].

On February 26, 2001, Plaintiff was examined by Dr. Owoso who found Plaintiff to have tenderness and swelling in his right ring finger, but otherwise normal muscle strength, tome and grip strength. [R. 215]. Mild tenderness was found on palpation of the back and spine alignment was normal, straight leg raising was negative. Plaintiff had a slight limp, but was balanced, had good coordination and normal and safe gait speed. [R. 216].

These records, generated during the relevant time frame, fully support the Appeals Council finding that Plaintiff had the ability to perform light work before July 31, 2001.

Plaintiff cites to a number of records documenting other physical complaints, but those records were generated well <u>after</u> the relevant time frame. Plaintiff points to a November, 2001 note in Veterans' Administration (VA) medical records in which Plaintiff

4

reported he had suffered shoulder pain for a year. [R. 257]. There is no mention of shoulder pain in the records generated during the relevant time frame and no complaint of shoulder pain recorded in Dr. Owoso's February 2001 examination which showed Plaintiff had full range of motion in both shoulders. [R. 217]. Further, the statement recorded in the November 2001 VA record contradicts Plaintiff's earlier statement in those same records when on October 11, 2001, Plaintiff reported he had shoulder pain for the "past two weeks." [R. 232].

The court rejects Plaintiff's contention that the Appeals Council erred in failing to discuss the myriad findings contained in the VA medical records, as those records were all generated <u>after</u> the relevant time frame. Likewise, the court rejects Plaintiff's contention that the Appeals Council failed to properly assess his mental impairments. The Appeals Council accurately noted that "there is no evidence" that Plaintiff's mental impairment had more than a minimal impact on his ability to function prior to August 2001. [R. 12]. Since there was no evidence of mental impairment during the relevant time frame, the Appeals Council was not required to complete the special review technique found at 20 C.F.R. § 404.1520a for evaluating mental impairments.

### **Grids**

Plaintiff argues that the Appeals Council inappropriately relied on the Medical-Vocational Guidelines (the Grids) to find he was not disabled. Plaintiff's argument that application of the Grids was inappropriate is predicated on the argument that the Appeals Council erred in making its RFC assessment. Since the court has determined that the Appeals Council's RFC assessment is supported by the record, and the RFC assessment

5

does not include any non-exertional limitations, it follows that Plaintiff's argument concerning use of the Grids must be rejected.

The record contains no evidence of non-exertional limitations during the relevant time frame that would preclude the Appeals Council's application of Grid Rule 202.21.

### Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). However, a credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quotation omitted).

The Appeals Council noted Plaintiff's testimony that he had significant limitations in his ability to sit, stand and walk.  It also noted the testimony of Plaintiff's girlfriend that until a year before the hearing, Plaintiff was able to drive into town and shop.  The Appeals Council outlined the medical findings for the relevant time frame, including Dr. Stolzer's opinion that Plaintiff could return to light work in February 2000 and to full duty in March 2000, and Dr. Owaso's February 2001 findings of dexterity for gross and fine manipulations, and normal strength, reflexes and grip. [R. 12].  The Appeals Council stated it considered those rather benign findings, the opinions of Plaintiff's treating doctors, his

girlfriend's opinions[2] and his daily activities. The Appeals Council concluded that evidence does not support Plaintiff's allegations that he was unable to perform light work from his alleged onset date in December 1999 to August 1, 2001. [Dkt. 13].

Contrary to Plaintiff's assertions, the Appeals Council's decision indicates exactly why it found Plaintiff's claim of disability during the relevant time frame to lack credibility. Because the Appeals Council properly linked its credibility finding to the record, the court finds no reason to deviate from the general rule to accord deference to the Commissioner's credibility determinations. See *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

## **Alleged ALJ Bias**

Plaintiff asserts that the Appeals Council did not comply with Social Security Regulations, 20 C.F.R. § 404.940, concerning its duty to investigate his claims that the ALJ was biased. That regulation provides that if an ALJ does not withdraw from a case upon an objection by a claimant, the claimant may present objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another ALJ. In accordance with this regulation, Plaintiff did present his objections about the ALJ

---

[2] The court rejects Plaintiff's assertion that the Appeals Council inaccurately portrayed the testimony of his girlfriend. Although Plaintiff would interpret her testimony differently, the Appeals Council rendition is a fair summary.

The court's own reading of Ms. Young-Peter's testimony would find her testimony to be irrelevant to the period at issue. In her April 12, 2004, testimony, Ms. Young-Peter stated she met and moved in with Plaintiff in October 2000, and that she and Plaintiff had been together "almost 3 years." [R. 517]. If they had been together almost three years, that would place their first meeting in October 2001, after the time frame considered by the Appeals Council. A meeting date of October 2001, rather than October 2000, conforms to information contained in the VA medical records, which indicates Plaintiff lived with his wife until June 2001. Throughout the August 2001 VA records there are references to Plaintiff's report that his wife left him two months ago, in June 2001. [R. 240, 242, 245].

to the Appeals Council. The Appeals Council granted review in which it considered Plaintiff's original alleged onset date. The Appeals Council determined that some aspects of the ALJ's decision were not supported by substantial evidence and ruled that Plaintiff was entitled to eight additional months of disability benefits.

The court finds that the Appeals Council decision provides Plaintiff with the disability benefits the record demonstrates he is entitled to receive. There is, therefore, no occasion for the court to consider Plaintiff's complaints about the ALJ's conduct of the proceedings.

## **CONCLUSION**

The court concludes that the record contains substantial evidence supporting the finding that Plaintiff was not disabled before August 1, 2001, and that the correct standards were applied in evaluating the evidence. Therefore the Commissioner's decision is AFFIRMED.

SO ORDERED this 15th day of May, 2007.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE