IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CARL E. SHIVEL,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Acting Commissioner,
Social Security Administration,

           Defendant.

Case No. 06-CV-82-FHM

**OPINION AND ORDER**

The Application by Plaintiff and Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act [Dkt. 40] has been fully briefed and is before the undersigned United States Magistrate Judge for decision.

Plaintiff seeks an award of attorney fees in the amount of $12,707.05 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 for the 77.8 hours expended before the district court and the Tenth Circuit. The EAJA requires the United States to pay attorney fees and costs to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d).

The Commissioner agrees that the fees are awardable under the EAJA, but objects to the amount as excessive. The Commissioner asserts that a reasonable amount is no more than $7,269.25 for 45.65 hours and an additional $47.73 for costs. The Commissioner argues that the case "presented no novel facts or legal arguments" that would justify the number of hours requested. [Dkt. 42, p. 2]. The court strongly disagrees with that assessment.

The ALJ conducted two hearings. At the second hearing, the ALJ inexplicably excluded the psychological expert's testimony even though Plaintiff presented several psychological problems. In conformity with the Commissioner's regulations, Plaintiff requested that the ALJ recuse himself from the case. Thereafter the ALJ issued an unusual Administrative Order in which the ALJ refused to recuse. The ALJ eventually granted Plaintiff benefits, but did so, based on an amended onset date. In proceedings before the Appeals Council, Plaintiff asserted that his amendment of the onset date was coerced. The Appeals counsel reversed the ALJ's decision and issued an opinion. In proceedings before the court, Plaintiff had to point out the factual and legal errors in the decisions of both the ALJ and the Appeals Council.

Although Plaintiff was not successful in demonstrating that the ALJ's actions affected the outcome of the case, counsel would have been remiss in his duty to his client had he not brought the unusual circumstances of this case to the Court's attention. The Court finds that the unusual circumstances described above reasonably account for a number of hours that is higher than the usual case.

The undersigned finds that the amount of the fee request is reasonable. Therefore, Plaintiff is awarded EAJA fees in the amount of $12,707.05 and costs in the amount of $47.73 for a total award under the EAJA of $12,754.78. Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. If Plaintiff's attorney receives the fees awarded herein and attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d

575, 580 (10th Cir. 1986). Plaintiff's Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act [Dkt. 23] is GRANTED.

SO ORDERED this 25th day of June, 2008.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE